IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-318-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRANDON MARQUIS JENNINGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for hearing this date on defense counsel's motion to withdraw, which motion was denied. Of its own initiative, pursuant to notice earlier given, the court also took up and considered competency issues regarding defendant Brandon Marquis Jennings, who asserts his official name to be Mustafa Beezy Bey, a member of the "Moorish divine and national movement of the world." (See, e.g., DE 25-1).

Under 18 U.S.C. § 4241, the court shall order a competency hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Prior to the date set for hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provision of [18 U.S.C. § 4247(b) and (c)]. Id. § 4241(b). At hearing, defendant must be represented by counsel. Id. § 4247(d).

A psychiatric or psychological examination conducted prior to a competency hearing must be conducted by a licensed or certified psychiatrist or psychologist. Id. § 4247(b). A copy of any

report prepared must be provided to the court, counsel for defendant, and counsel for the government and include the information listed in 18 U.S.C. § 4247(c)(1)–(4). Id. § 4247(c).

If at hearing the court finds by a preponderance of the evidence that defendant presently is "suffering from a mental disease or defect rendering him mentally incompetent . . . the court shall commit the defendant to the custody of the Attorney General." Id. § 4241(d). The Attorney General shall then hospitalize defendant in an appropriate facility for a reasonable time not to exceed four months or, if the court finds there is a substantial probability that defendant will attain capacity to proceed within an additional period of time, the Attorney General may hospitalize defendant for the duration of that additional period. Id.

When the director of the facility where defendant is hospitalized determines that defendant has recovered such that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defendant, the direct must file a certificate to that effect with the clerk. Id. § 4241(e). Upon receipt of that certificate, the court must hold another competency hearing, where defendant must be represented by counsel. Id. If the court finds at that hearing that defendant is competent to proceed, the court may set a date for trial. Id.

Based on defendant's filings, arguments presented by defense counsel and the government, and the court's own view of defendant's behavior in hearing, the court finds reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is hereby ORDERED:

1. That the defendant be examined by at least one qualified psychiatrist or psychologist

under the provisions of 18 U.S.C. § 4241 to determine the mental competency of the defendant to proceed with sentencing. The examining psychiatrist or psychologist shall prepare a written report containing the information designated in 18 U.S.C. § 4247(c).

2. That the examination occur at Federal Correctional Complex, Butner. The examining psychiatrist or psychologist is DIRECTED to complete the report in a timely fashion.

3. That the psychiatric or psychological reports shall be filed with the court, with copies provided to counsel for the defendant and the attorney for the Government. Said reports shall comply with 18 U.S.C. § 4247.

4. That a certified copy of this order and the court's order entered October 18, 2018, shall be delivered to the examining psychiatrist or psychologist.

5. That the defendant's psychiatric or psychological expert, if any, be allowed reasonable access to examine the defendant while he is likewise examined according to this order.

6. That the ends of justice served by this order outweigh the interests of the public and the defendant in a speedy trial. The period of delay resulting from this order is therefore to be excluded from the calculation of speedy trial time pursuant to 18 U.S.C. § 3161(h)(8)(A).

The Clerk of Court is DIRECTED, upon completion of the psychiatric examination and the filing of the reports, to schedule a hearing in this matter at which time the court will determine the mental competency of the defendant. 18 U.S.C. § 4241.

SO ORDERED, this the 26th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge