IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-318-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BRANDON MARQUIS JENNINGS, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court February 25, 2019, for a hearing on the competency of Defendant Brandon Marquis Jennings ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4142 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Erin Blondel and Defendant, who was present in the courtroom, was represented by William W. Webb, Sr., and William W. Webb, Jr. The court advised Defendant of the purpose of the hearing as well as his rights under 18 U.S.C. § 4247(d). The government then referred to the Forensic Evaluation ("Forensic Evaluation"), dated January 9, 2019, which was prepared by Heather H. Ross, Ph.D., a Forensic Psychologist at the Federal Correctional Institution – Butner. The Forensic Evaluation has been filed and was provided and reviewed by counsel prior to the hearing.

According to the Forensic Evaluation, during the evaluation period, Defendant was uncooperative and refused clinical interviews with the psychologist as well as medical testing. However, Defendant expressed an understanding that the evaluation would continue despite his lack of participation. Defendant was given a diagnosis of Other Specified Personality Disorder, antisocial traits. Due to Defendant's self-identification as a "Moorish Non-Citizen National" and

his beliefs in this subculture, the evaluator offered no psychotic disorder diagnosis. Review of Defendant's monitored telephone calls suggest an understanding of the criminal justice process and that Defendant was familiar with the process and roles of courtroom participants. According to the Forensic Evaluation, there is no evidence of mental illness precluding Defendant from an ability to assist his attorney; rather, his behavior is consistent with his subculture beliefs. Defendant displayed an ability to communicate adequately and to cooperate when he chose to do so, and the ability to understand his options and make rational choices, which also appeared consistent with his beliefs in the Moorish sovereignty subculture. Ultimately, Dr. Ross opined Defendant lacks any mental health disorders that might affect his competency and that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. No treatment recommendation were offered.

Neither party disputed the findings and conclusions of the Forensic Evaluation nor did either party present any further evidence on the issue of Defendant's competency.

After consideration of the position of the parties and the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

So ordered, the 26th day of February 2019.

Robert B. Jones, Jr.
United States Magistrate Judge