IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CR-318-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRANDON MARQUIS JENNINGS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on defendant's motion (D.E. 52) to proceed pro se. At the initial, morning session of proceedings, the court explained to defendant that in order to rule on his motion it needed to determine whether he was waiving his right to counsel knowingly and voluntarily and that for this purpose it needed to ask him a brief series of questions. *See generally United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000) ("An assertion of the right of self-representation therefore must be (1) clear and unequivocal, *see Faretta* [*v. California,* 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975)]; *United States v. Lorick*, 753 F.2d 1295, 1298 (4th Cir. 1985); (2) knowing, intelligent and voluntary, *see Godinez v. Moran*, 509 U.S. 389, 400-01, 113 S. Ct. 2680, 125 L.Ed.2d 321 (1993); *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir.1997); and (3) timely, *see United States v. Lawrence*, 605 F.2d 1321, 1325 n. 2 (4th Cir.1979)."). Defendant refused to answer the questions asked. The court advised defendant that it would give him time to think about whether to respond to the court's questions and would hold another session later in the day to provide him another chance to do so.

At this second, afternoon session, defendant again refused to answer the court's questions. The court gave defendant the opportunity to make a statement regarding wheher his waiver of counsel was knowing and voluntary, but he declined to do so.

The court cannot say that defendant is knowingly and voluntarily waiving his right to counsel. To the contrary, given the repeated extraneous statements made by defendant at today's proceedings, it does not appear that he has any meaningful understanding of the hazards and disadvantages of representing himself. Defendant's motion to proceed pro se (D.E. 52) is accordingly DENIED.

SO ORDERED, this 7th day of March 2019.

James E. Gates
United States Magistrate Judge