IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-318-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRANDON MARQUIS JENNINGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's appeal (DE 62) of decision by United States Magistrate Judge James E. Gates (DE 59) to deny his motion to proceed *pro se* (DE 52). For reasons that follow, defendant's motion to proceed *pro se* is denied.

## BACKGROUND

Defendant is the subject of indictment returned August 8, 2018, followed by superseding indictment filed March 6, 2019, wherein he is charged with numerous sex offenses. These include: two counts of sex trafficking a minor by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1)-(2); two counts of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) & (b)(2); one count of using a minor child to engage in sexually explicit conduct for the purpose of creating child pornography, in violation of 18 U.S.C. §§ 2251(a), (e); one count interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); three counts of interstate transportation for prostitution by coercion and enticement, in violation of 18 U.S.C. § 2422(a); two counts of interstate transportation for prostitution, in violation of 18 U.S.C. § 2421(a); and one count of use of internet to promote an unlawful business enterprise, namely, prostitution and aiding and abetting same, in violation of 18 U.S.C. §§ 2 & 1952(a)(3).

Defendant, the subject of a forensic examination provided to this court January 15, 2019, recently was found competent to proceed. He is scheduled to be arraigned April 3, 2019. The clerk calculates time for trial pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.* will expire May 24, 2019.

As relevant here, on March 1, 2019, defendant filed motion to proceed *pro se,* referred to the magistrate judge for decision. Hearing was held March 7, 2019. The record reflects multiple attempts by the court to question defendant as to whether he knowingly and voluntarily waived his right to counsel. Defendant refused to answer most questions. He was generally uncooperative and inclined to the making of what the magistrate judge characterized as "repeated extraneous statements," evidencing no "meaningful understanding of the hazards and disadvantages of representing himself" (DE 59). His motion was denied.

On March 15, 2019, defendant filed notice of appeal of this decision to the United States Court of Appeals for the Fourth Circuit. Thereafter the motion was referred by the Fourth Circuit's clerk of court to this court, in accord with Rule (d) of the Federal Rules of Appellate procedure, providing in pertinent part that "[i]f a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk."

**COURT'S DISCUSSION**

The court takes up this matter upon *de novo* review. A defendant in a criminal prosecution has a Sixth Amendment right to waive appointed counsel and proceed *pro se*. Faretta v. California, 422 U.S. 806 (1975). Defendant's "assertion of the right of self-representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El,

2

204 F.3d 553, 558 (4th Cir. 2000). A court should make certain defendant has the ability to "grasp, understand, and decide." United States v. Gallop, 838 F.2d 105, 110 (4th Cir. 1988). Whether a defendant effectively waived his right to counsel is a question of law and subject to *de novo* review, based upon an examination of the record as a whole. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997).

The difficulty of the *pro se* defendant's task, which includes "organization of his defense, making motions, arguing points of law, participating in *voir dire*, questioning witnesses, and addressing the court and jury," McKaskle v. Wiggins, 465 U.S. 168, 174 (1984), is immense. Indeed, the difficulty is so great the Supreme Court has stated, "[o]ur experience has taught us that 'a *pro se* defense is usually a bad defense. . . .'" Martinez v. Court of Appeal of California, Fourth Appellate District, 528 U.S. 152, 161 (2000) (internal citations omitted).

The Fourth Circuit has emphasized that trial courts can rely on the record as a whole when evaluating the sufficiency of waiver, and that no formal inquiry is required. Gallop, 838 F.2d 105, 110. However, here the magistrate judge attempted a thorough, formal inquiry including discussion with the defendant in open court about the dangers and disadvantages of proceeding as his own counsel. He attempted to develop on the record defendant's educational background and general capabilities. The ability of the defendant to grasp and understand could not be determined from his responses, which thwarted any logical discourse. Defendant evidenced no understanding that he will be required to follow all of the rules of evidence, criminal procedure, and the orders and directions of the court, even if he disagrees with them.

The trial court has had opportunity to observe defendant's behavior, too, at pre-trial hearing, during which his conduct mimicked that displayed before the magistrate judge. It appears from the

3

examiner's report filed January 17, 2019, such obstructive behavior is representative, too, of his conduct while being evaluated for competency. The examiner noted that "direct questioning regarding his understanding of court proceedings and the charges against him was impossible." Report, p. 7 (DE 43).

Here, the court concludes that defendant has not knowingly and voluntarily waived his right to counsel. See United States v. Bernard, 708 F.3d 583, 588 (4th Cir.2013) ("[A] person may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely."); United States v. Ductan, 800 F.3d 642, 650 (4th Cir. 2015) (holding waiver of counsel cannot be accomplished by conduct or implication). Moreover, where defendant persisted March 7, 2019, in the same obstructive behavior which has characterized his many court appearances to date, defendant has waived his right to represent himself. See United States v. Dougherty, 473 F.2d 1113, 1125 (D.C. Cir. 1972) ([D]eliberate . . . obstructive behavior may constitute waiver of [defendant's] *pro se* rights.").

For these reasons, defendant will proceed through his court appointed counsel. Arraignment will proceed as scheduled April 3, 2019. Upon any not guilty plea, at conference immediately following arraignment, pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, the court will establish the trial date, and attendant deadlines for any pre-trial submissions.

## CONCLUSION

In accordance with the foregoing, defendant's request to proceed *pro se* is DENIED.

SO ORDERED, this the 25th day of March, 2019.

*[Signature]*
LOUISE W. FLANAGAN
United States District Judge

4